MAIN ST. SAV. BANK & TRUST CO. v. HINTON, City Assessor.

No. 14,878; January 18, 1893.

32 Pac. 6.

**Savings Banks—Taxation.—The Fact That a Corporation is** engaged in a general banking business, in addition to a savings bank business, does not exempt that part of its business done as a savings bank from taxation under the laws applying to other savings banks.

APPEAL from Superior Court, Los Angeles County; William P. Wade, Judge.

Action by the Main Street Savings Bank and Trust Company against J. W. Hinton, city assessor of the city of Los Angeles, to recover taxes alleged to have been illegally assessed against plaintiff's property, and collected by defendant. From a judgment for defendant on a demurrer to the complaint, plaintiff appeals. Affirmed.

Graves, O'Melveny & Shankland for appellant; C. McFarland for respondent.

HAYNES, C.—This action was brought by appellant to recover from the defendant the sum of $1,075.59, the tax assessed and collected by seizure upon its solvent and unsecured credits. A demurrer was interposed to the complaint, which was sustained, and judgment rendered thereon for defendant, and plaintiff appeals. This cause is submitted upon the briefs filed in Security etc. Trust Co. v. Hinton, the same defendant, 97 Cal. 214, 32 Pac. 3 (No. 14,877, this day filed), and involves the same questions, and an additional one, which we shall briefly notice. It is claimed in this case that appellant does a general banking business, as well as that of a savings bank. We do not see that this fact materially affects any question decided in 14,877, or the correctness of the judgment rendered in this case by the superior court. So far as its general banking business is concerned, appellant is subject to the same law, as regards taxation, as other banks not doing a savings bank's business; and, as to that part of its business done as a savings bank, it is subject to the same law that applies to other savings banks. There should be no difficulty in separating its ordinary deposits from its savings deposits, though none is found in its statement to the assessor, or in the complaint in this action. In paragraph 20 of the complaint, it is alleged that the unsecured debts due from appellant to bona fide residents of this state were debts "due depositors for sums borrowed from them upon interest"; and, that being true, no distinction can be made between this case and that of the Security Savings Bank (No. 14,877), and the judgment should therefore be affirmed.

We concur: Belcher, C.; Foote, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.